Billy Montgomery COLLINS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 87 141 CR.

Court of Appeals of Texas, Beaumont.

Oct. 28, 1987.

Rodney D. Conerly, Port Arthur, for appellant.

Douglas M. Barlow, Sp. Pros., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of criminal mischief of property damaged or destroyed, value at least twenty dollars, but less than two hundred dollars. The court sentenced Appellant to serve 120 days in the county jail. Appeal has been perfected to this court on one point of error, viz.:

"The Honorable Trial Court erred in overruling Appellant's timely Motion for Instructed Verdict because the State failed to put on sufficient evidence to prove an element of the offense, to-wit: Value."

*TEX.PENAL CODE ANN. sec. 28.06* (Vernon 1974) provides in part:

"(a) The amount of pecuniary loss under this chapter, if the property is destroyed, is:

"(1) the fair market value of the property at the time and place of the destruction; or

"(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction."

The owner of the tire which was slashed testified in part:

"Q Would you describe for the jurors the condition of your vehicle when you got out to leave?

"A Well, the left front tire was flat.

\* \* \* \* \* \*

"Q Approximately how long had you had those tires?

"A Not very long. Probably a year.

"Q And what did you pay for those when you purchased those tires?

"A One-hundred-four dollars plus...."

Later, he testified the tire was a year old, that he kept records, and the replacement price was the same. He had earlier testified that the flat tire "had a cut in the side wall." Appellant's position is that the only testimony is to replacement cost, not fair market value.

The solution, we think, depends on the case of *Sullivan v. State*, 701 S.W.2d 905 (Tex.Crim.App.1986) (En Banc).

Because this question will undoubtedly arise often in the future, we quote at length from *Sullivan*, 701 S.W.2d at 908–909:

"We have held, however, that while fair market value must be established if the testimony concerning value is given by someone other than the owner, the owner is competent to testify as to value though he is not qualified as an expert on the value of the property. *Davila v. State*, [547 S.W.2d 606 (Tex.Crim.App. 1977)]. Indeed, in the case of *Israel v. State*, 158 Tex.Cr.R. 574, 258 S.W.2d 82 (1953), we held the owner's testimony that 'to the best of my knowledge the car was valued at $575.00,' was sufficient evidence to establish value. In the case of *Turner v. State*, [486 S.W.2d 797 (Tex. Crim.App.1972)], this Court held the evidence was sufficient to establish value when the owner testified that the property in question 'was worth' a given amount and that they 'would not take less than' a given amount for the property. *Turner v. State*, supra, at 799. See also, *Nitcholas v. State*, [524 S.W.2d 689, 691 (Tex.Crim.App.1975)].

"Additionally, this Court has implicitly approved [footnote omitted] the resolution of this issue which appears in *Houston v. State*, 636 S.W.2d 7 (Tex.App.—Corpus Christi, 1982), on remand from Court of Criminal Appeals, 652 S.W.2d 472 (Tex.App.—Corpus Christi 1983). In that case, the Corpus Christi Court of Appeals held:

" '... For an opinion of the worth of property by someone *other than the owner*, the prerequisite to admissibility is knowledge of the fair market value....' (Emphasis added).

"We also find that the case of *Coronado v. State*, supra [508 S.W.2d 373 (Tex. Crim.App.1974)], is very nearly on point with the case before us. In *Coronado*, the defendant alleged that the evidence was insufficient to show the value of several stolen tools and a tool box. The owner of the property testified that he assessed the value of the tools at approximately one half of the purchase price. We held that this testimony, though in no way purported to be the 'fair market value' of the tools, was sufficient to allow a rational trier of fact to assess the value of the property. *Coronado v. State*, supra, at 374.

"Finally, in *Trammel v. State*, supra [511 S.W.2d 951 (Tex.Crim.App.1974)], the complainant testified to the effect that 'you couldn't buy it [the property in question] for less than fifty.' She then testified to the purchase price of the property. We held that:

" '... Though she never stated that the case [sic] market value of the television set was $50.00 in clear and precise language, her testimony was obviously meant to convey that idea and must have been so understood by the jury and appellant....' 511 S.W.2d at 954.

"We find the holdings in the cases cited above to be controlling, especially when read together.

"Thus, there seems to be two corollaries to the rule regarding proof of value. *When the proof of value is given by a non-owner, the non-owner must be qualified as to his knowledge of the value of the property and must give testimony explicitly as to the fair market value or replacement value of the property.* [Emphasis supplied.]

"*However, when the owner of the property is testifying as to the value of the property, he or she may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms.* Testimony of this nature is an offer of the witness' best knowledge of the value of his property. Such testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness' credibility. This is true even in the absence of a specific statement as to 'market value' or 'replacement value.' [Emphasis supplied.]

"When an owner testifies, the presumption must be, as the rule in *Trammell* states, that the owner is testifying to an estimation of the fair market value. Certainly the owner may reasonably be understood to be testifying as to the fair market value of the property either in terms of the purchase price or the cost to him of replacing the stolen property. To hold otherwise would be to make the wholly unwarranted presumption that the owner is basing his estimate on sentimental value. This is a presumption this Court will not entertain for obvious reasons.

"If the appellant wishes to rebut the owner's opinion evidence he must do more than merely impeach the witness' credibility during cross-examination. He must offer controverting evidence as to the value of the property."

As we analyze the testimony of the *owner* witness who testified in the case at bar, it is sufficient under *Sullivan*. The Appellant's point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.