Jaime Luis **SEPULVEDA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–308–CR.

Court of Appeals of Texas,
Corpus Christi.

May 19, 1988.

Rehearing Denied June 16, 1988.

Arturo R. Cantu, Ramon & Ramirez, Edinburg, for appellant.

Rene Guerra, Theodore C. Hake, Dist. Atty. Office, Edinburg, for appellee.

Before UTTER, KENNEDY and SEERDEN, JJ.

## OPINION

UTTER, Justice.

A jury found appellant guilty of criminal mischief and the court assessed punishment at 30 days in the county jail, probated, and a $150.00 fine. The appellant contends that the case should be reversed and a judgment of acquittal entered. The State, acknowledging that appellant's third point should be sustained, concedes reversible error, but maintains that the case should be remanded for a new trial. We reverse the judgment and remand the cause for a new trial.

In his first point of error, appellant contends the evidence is insufficient to support the verdict because the State failed to prove beyond a reasonable doubt that the pecuniary loss to the broken window was more than $20.00 but less than $200.00.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).

Appellant first argues that if the property was "damaged," the State had to prove (1) the usual and reasonable cost of repairing the property (2) in Hidalgo County (3) within a reasonable time after the damage occurred. Appellant further argues that if the property was "destroyed," as distinguished from "damaged," the State had to prove the fair market value of the property at the time and place of destruction and *only if* the fair market value could not be ascertained, the cost of replacing the property within a reasonable time after destruction.

■ The State may charge the various statutory forms of committing an offense in the conjunctive, and proof of any one will authorize conviction. *Papes v. State,* 494 S.W.2d 910, 912 (Tex.Crim.App.1973); *West v. State,* 626 S.W.2d 159, 161 (Tex. App.—Beaumont 1981, pet. ref'd). Therefore, although the State alleged that appellant damaged and destroyed Cantu's window in the information, it was only required to prove one to sustain a conviction. However, we hold that the State has met its burden of proof on the amount of pecuniary loss under both the "damaged" and "destroyed" statutory definitions. *See* Tex.Penal Code Ann. § 28.06(a), (b) (Vernon 1974).

■ If the property was merely "damaged," the State was required to prove that "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred was more than $20.00, but less than $200.00." *See* Tex.Penal Code Ann. § 28.06(b) (Vernon 1974). Cantu, the "owner" of the window, testified that one of her bedroom windows was broken on August 24, 1986, and that she "paid" $34.00 to "fix" the window. Although the exact date of repair is not reflected in the record, by virtue of the type of damage; i.e., a broken bedroom window, it would be reasonable to assume it was repaired as soon as possible. In any event, it would appear from her testimony that the window was repaired or restored sometime prior to the March 24, 1987 trial on the merits. The jury was entitled to believe that this seven-month period or some

portion thereof constituted a reasonable period of time. We hold that there was sufficient evidence to show the amount of pecuniary loss under the "damaged" property provision.

■ Appellant also argues, however, that the State was required to prove the amount of pecuniary loss proven at trial was reasonable and reflected the cost of repair in Hidalgo County. The cases appellant relies on concerning "reasonableness of amount" are factually dissimilar and inapplicable under the facts of this case. In both *Athey v. State*, 697 S.W.2d 818 (Tex.App.—Dallas 1985, no pet.) and *Wise v. State*, 494 S.W.2d 921 (Tex.Civ.App.—Fort Worth 1973, no writ), the courts were apparently concerned that the repair values given at trial did not represent only those values which were necessary as a result of the damage inflicted by the respective defendants. For instance, the amount of repair in *Wise* included the cost of repainting the entire car, and not just that which was necessary to repaint the hood of the car which had been damaged by the defendant. In the instant case, unlike *Athey* and *Wise*, there is no evidence that the repair enhanced the value of the window.

■ Appellant also relies on *Wise* for the proposition that the amount of loss must reflect the cost of repair in Hidalgo County. The record reflects that appellant did not object to Cantu's testimony for failing to show the charge was reasonable or for failure to show the cost of repair in Hidalgo County, Texas. Further, appellant did not request a motion for instructed verdict on either of these grounds. We find no statutory basis for his argument. In fact, we have found no criminal case other than *Wise* which has imposed such a requirement under this statute. We decline to follow *Wise* and hold that the State did not have to prove that the cost proven at trial reflected the cost of repair in Hidalgo County.

■ If the property was "destroyed" and not merely "damaged," the State was required to prove "the fair market value of the property at the time and place of destruction; or if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction." Cantu testified that she paid $34.00 to fix the window. The owner of the property is permitted to testify to fair market value of the property either in terms of purchase price or the cost of replacement. In fact, the Court of Criminal Appeals in *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex.Crim.App.1986) and reaffirmed in *Scott v. State*, 741 S.W.2d 435, 438 (Tex.Crim.App.1987), in discussing "value" under a substantially similar provision, Tex.Penal Code Ann. § 31.08(a) (Vernon 1974), held that the owner of the property may testify to the value of the property and that "when an owner testifies, the presumption must be ... that the owner is testifying to an estimation of the fair market value ... in terms of the purchase price or the cost to him of replacing the stolen property." We hold that if the property was destroyed, there was sufficient evidence of the fair market value of the property at the time and place of destruction.

Appellant's first point of error is overruled.

■ In his third point of error, appellant contends that the trial court erred during the guilt stage's final arguments in allowing the prosecutor, over objection, to tell the jury that he believed the State's only eyewitness was telling the truth. Odilia Morales was the only witness who could identify appellant as the person who committed the offense and her credibility was critical to the State's case. Appellant, throughout the trial, attempted to diminish her credibility. It is improper for the prosecutor to inject personal opinion on the honesty or truthfulness of his witnesses. *See Robillard v. State*, 641 S.W.2d 910, 912 (Tex.Crim.App.1982); *Menefee v. State*, 614 S.W.2d 167, 168 (Tex.Crim.App.1981); *see also Gardner v. State*, 730 S.W.2d 675, 698 (Tex.Crim.App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987); *Johnson v. State*, 698 S.W.2d 154, 167 (Tex. Crim.App.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Inasmuch as the trial court overruled appel-

**670**

lant's objection, we cannot find harmless error. The State concedes that this was error. Appellant's third point of error is sustained.

Appellant's remaining points of error are not dispositive of this appeal; therefore, we will not consider them. *See Garrett v. State,* 749 S.W.2d 784 (Tex.Crim.App.1988).

In view of our disposition of appellant's third point of error, the judgment is REVERSED and the cause REMANDED for a new trial.