IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-196-CR





WILLIAM "WILD BILL" COLLINS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 



NO. 2C90-92,574, HONORABLE JOHN BARINA, JUDGE



 





PER CURIAM


 In a bench trial, appellant was convicted of criminal
mischief (over $20.00 but less than $200.00), sentenced to 15 days
in the Bell County Jail (probated for 6 months), and ordered to pay
a fine of $60.00. Tex. Pen. Code Ann. § 28.03 (Supp. 1991). In
one point of error, appellant contends that the evidence was
insufficient to prove his guilt beyond a reasonable doubt because
the State failed to prove: (1) the requisite mental state;
(2) the actual ownership of the property; and (3) the pecuniary
loss involved. We will affirm the judgment of conviction.

 According to the complainant, Sandra Darling, on August
16, 1990, at about 7:30 p.m., she and a friend went shopping,
leaving her house with both doors locked. Appellant, who stayed at
the house "off and on," had departed earlier. Darling and her
friend returned home about 45 minutes later. Shortly thereafter,
appellant opened the front door, and according to them, said that
he had "made a boo-boo." Darling then found her rear kitchen door
"demolished." Darling and her friend testified that appellant told
them that he had returned home to find both doors locked. It was
cold and he wanted in. He unsuccessfully attempted to kick in the
front door. He then went to the rear door and after two tries,
finally gave the door a "roundhouse" kick, which succeeded in
gaining him entry.

 At trial, appellant denied kicking in the door. 
According to appellant's testimony, he found the door demolished on
his return to the house and in an attempt not to disturb the scene,
he entered the home through a bedroom window. 

 We review a challenge to the sufficiency of the evidence
to support a criminal conviction by viewing the evidence in the
light most favorable to the verdict and determining if any rational
trier of fact could have found the defendant guilty beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Cr. App. 1988). The
trier of fact is the sole judge of the credibility of the witnesses
and may believe or disbelieve all or any part of any witness's
testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex. Cr. App.
1984).

 The evidence is sufficient to show appellant's intent. 
Appellant had to know that the result of his repeated kicks to both
doors, culminating in a "roundhouse" kick to the rear door, would
be to damage or destroy the door so that he could have access to
the house. He need not have intended the damage to be permanent.
See Athey v. State, 697 S.W.2d 818, 820 (Tex. App. 1985, no pet.)
(tenant's intent to remove the cabinets, sheetrock, and tiles from
rental house without the owner's consent was the requisite intent
to damage the house under § 28.03, even though the tenant intended
to repair the damage). 

 The evidence is sufficient to prove the complainant's
ownership of the property. The owner of property is one with
title, possession, or a greater right to possession than the actor. 
Tex. Pen. Code Ann. § 1.07(24) (1974). Darling was the sole lessee
of the property. The property's lessor said that Darling exercised
sole control of the property. Appellant was a visitor who did not
pay any rent. As well, it is not a defense under § 28.03 that the
actor has an interest in the property if another has an interest
that the actor is not entitled to infringe. Tex. Pen. Code Ann.
§ 28.05 (1989). 

 Appellant contends that the evidence was
insufficient to prove the element of pecuniary loss because there
was no evidence that the property was destroyed, rather than merely
damaged. If property is destroyed, rather than damaged, the State
must prove the property's fair market value at the time and place
of destruction; or, if the fair market value of the property cannot
be ascertained, the cost of replacing the property within a
reasonable time after the destruction. Tex. Pen Code Ann.
§ 28.06(a) (1989). If the property is damaged, rather than
destroyed, the State must prove that the cost of repairing or
restoring the damaged property within a reasonable time after the
damage occurred was the amount alleged. Id. at (b).

 Appellant relies on Deas v. State, 752 S.W.2d 573 (Tex.
Cr. App. 1988), for the proposition that replacement value was the
incorrect standard for assessing the pecuniary loss in this case. 
In Deas, however, there was no evidence that the garage door had
been destroyed, as opposed to damaged. In this case, there was
evidence that the door had been destroyed. The door was described
as "demolished"; as having all of the wood kicked off. Another
witness said that the door had been broken completely in half. The
owner of the property said that the bottom half of the door had
been scattered all over the kitchen. Other witnesses said that the
yard outside could be seen from the house's inside by looking
through the shattered door. Another difference is that in Deas the
defendant offered evidence that the door could have been repaired. 
No such evidence was offered here. 

 In Sepulveda v. State, 751 S.W.2d 667, 669 (Tex. App.
1988, pet. ref'd), the court held that a property owner is
permitted to testify to the fair market value of the property
either in terms of purchase price or cost of replacement in a
prosecution for criminal mischief arising from destruction of
property. The lessor of the property testified to the cost of
replacing the door. In this case, there was sufficient evidence to
show that the property was destroyed, and the pecuniary loss was as
alleged in the information.

 We overrule the point of error and affirm the judgment of
conviction.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed:  January 23, 1991

[Do Not Publish]