IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-580-CR





ROBERT KENDALL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 34,489, HONORABLE LINDA A. RODRIGUEZ, JUDGE


 




 This appeal arises from appellant Robert Kendall's conviction for criminal mischief. 
See Tex. Penal Code Ann. § 28.03 (Supp. 1992). We affirm.

 Mr. Bodo Charlie Konze, owner and manager of the Merriweather Apartments,
evicted Kendall and his roommate from their apartment on November 2, 1990, for non-payment
of rent. They had five days after the eviction to retrieve their property from the apartment. Upon
entering the apartment on November 7, 1990, Konze discovered damage, including two large
holes in the back bedroom walls, one small hole in a living room wall, and a mural painted on the
living room ceiling with "Thanks a lot, Bodo" written on it.

 By information and complaint, the State charged Kendall with the class A
misdemeanor of intentionally and knowingly damaging or destroying tangible property -- "to wit:
WALLS" -- without the effective consent of the owner for a pecuniary loss of more than $200 but
less than $750. Tex. Penal Code Ann. § 28.03(a)(1), (b)(3). The trial court found Kendall guilty
and assessed punishment at ninety days' confinement, probated for one year, and a fifty dollar
fine. The court also ordered Kendall to pay Konze restitution as a condition of his probation. 
Kendall filed motions to set the judgment aside and for new trial. At a hearing, the court denied
the motions.

 In his only point of error, Kendall complains that the trial court abused its
discretion in denying his motions because there is no evidence or insufficient evidence to prove
that the amount of damage he caused exceeded the $200 statutory minimum. (1) As an element of
the offense, the State must prove that the "pecuniary loss" was more than $200 but less than $750. 
Elomary v. State, 796 S.W.2d 191, 193 (Tex. Crim. App. 1990). When the property is damaged
but not destroyed, the criminal mischief statute defines pecuniary loss as "the cost of repairing or
restoring the damaged property within a reasonable time after the damage occurred." Tex. Penal
Code Ann. § 28.06(b) (1989).

 The decision whether to grant a new trial is within the discretion of the trial court
and will not be reversed on appeal absent an abuse of discretion. Appleman v. State, 531 S.W.2d
806, 810 (Tex. Crim. App. 1976). In reviewing the sufficiency of the evidence, we look at all
the evidence in the light most favorable to the judgment to determine whether any rational trier
of fact could have found all the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim.
App. 1989).

 The prosecution presented evidence that there were two holes in the back bedroom
wall running from near the ceiling to near the floor and between three studs. Kendall admitted
at trial that he kicked the "collage of holes" in the back bedroom wall. As to the mural, Kendall
testified that he permitted a friend to paint it. Two witnesses testified that Kendall told them he
caused the damages. Thus, appellant admitted causing the majority of the damage to the
apartment. He only denied causing one small hole in a living room wall. The trial court found
him guilty of the offense as charged. On appeal, Kendall does not attack the sufficiency of the
evidence to prove that he caused damage to the apartment walls without the owner's consent.

 Kendall argues instead that there was no attempt to quantify the cost of individual
repairs and thus no evidence that the cost of repairing the damage he admitted causing exceeded
the statutory minimum $200 pecuniary loss -- "The testimony was for repairs to all the damage
and not that admitted to by Appellant." See Kinkade v. State, 787 S.W.2d 507, 509-10 (Tex.
App. 1990, no pet.); Athey v. State, 697 S.W.2d 818, 821 (Tex. App. 1985, no pet.) (citing Wise
v. State, 494 S.W.2d 921, 924 (Tex. Civ. App. 1973, no pet.)). We disagree.

 Konze testified that he paid $450 to repair the holes, and that this was a fair and
reasonable price for the repairs. The maintenance man who repaired the damage in December
1990 testified, "The total bill for everything that I did in that apartment as far as painting what
was messed up and repair of the walls and cleaning up came out to roughly 360-something
dollars." He also testified that the damage he repaired was not due to water damage or
deterioration. The owner's testimony that he paid a certain amount to repair the damaged
property is alone sufficient to prove the pecuniary loss element of criminal mischief. See
Kinkade, 787 S.W.2d at 509); Sepulveda v. State, 751 S.W.2d 667, 668-69 (Tex. App. 1988, pet.
ref'd).

 We hold that the evidence was sufficient to prove the pecuniary loss element of
criminal mischief. We therefore overrule Kendall's point of error and affirm the trial court's
judgment.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: June 3, 1992

[Do Not Publish]
1.   Kendall also complains in the same point of error that there was no evidence or
insufficient evidence that he intended to damage or destroy the property. However, this
complaint is not briefed and is therefore waived. Tex. R. App. P. Ann. 74(f) (Pamph.
1992).