Rolando MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–01031–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 29, 1997.

Rehearing Overruled Nov. 25, 1997.

consider grounds stated in the brief filed with the motion for summary judgment).

Oscar J. Pena, Sr., Laredo, for appellant.

Jose M. Rubio, Jr., Webb County Dist. Atty., Oscar J. Hale, Asst. Dist. Atty., Laredo, for appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This appeal arises from a conviction of assault and criminal mischief. After a jury found appellant, Rolando Moreno, guilty of assault and criminal mischief, the jury assessed punishment of nine months incarceration with a four thousand dollar fine for assault, and six months incarceration with a two thousand dollar fine for criminal mischief. In four points of error, Moreno contends that the trial court erred in admitting evidence of similar bad acts; the evidence does not legally or factually support the conviction; and the jury considered improper evidence during the punishment phase of trial. We affirm in part and reverse in part the judgment of the trial court.

### FACTUAL BACKGROUND

Rolando Moreno and Marcella Morales began dating in February of 1995, and they continued to see each other until June of 1996. On the night of March 30, 1996, Marcella and a girl friend, Sonia, went to a local bar at approximately 9:00 in the evening. Marcella and Sonia met another friend at the bar and the three returned to Sonia's dormitory room at approximately 1:30 the next morning. Marcella telephoned Rolando from Sonia's dorm room. Soon thereafter, Rolando entered the open dorm room and struck Marcella twice on the face. After a brief struggle, Rolando left the room and punctured the tires of Marcella's car with a knife.

At trial, Rolando did not deny striking Marcella or puncturing the tires on her automobile; however, he argued necessity as a defense to his conduct. Rolando argued that after receiving Marcella's telephone call, he believed Marcella to be extremely intoxicated and feared for her safety. Rolando testified that he went to Sonia's dorm room to take Marcella home. Rolando argued that he struck Marcella only in an attempt to subdue her, and upon failing to take Marcella home, he then punctured the tires of Marcella's car to ensure that she would not drive in her condition.

### ASSAULT

In the first and second points of error, Moreno argues that the trial court erred in admitting evidence of prior assaults committed by him against Marcella. We review the trial court's admission of extraneous offenses using an abuse of discretion standard. *See Saenz v. State*, 843 S.W.2d 24, 26 (Tex.Crim.App.1992). We will not disturb the trial court's ruling as long as it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990). However, if we find that by no reasonable interpretation of the evidence would the proffered evidence tend to make the existence of a material fact more or less probable, then we will conclude that the trial court abused its discretion. *See id.*

The general rule is that evidence of other crimes, wrongs, or acts of a person is not admissible to prove the person's character in order to show that he acted in conformity with that character. TEX.R.CRIM. EVID. 404(b). However, this type of evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* In the present case, the State introduced evidence that Moreno previously assaulted Marcella and the subsequent judgment in that case. Moreno complains that the evidence had no relevance to the case and in the alternative was unfairly prejudicial. We disagree.

The central issue at trial concerned Moreno's motives for striking Marcella and puncturing the tires on her automobile. Moreno

testified that he acted out of love and compassion for his girlfriend. In an effort to contradict this motive, the State offered the evidence to show that he acted with malice rather than affection. The evidence tends to make Moreno's defense less probable, and thus is relevant under Texas Rules of Criminal Evidence 401. There is no showing that Rule 403 of the Texas Rules of Criminal Evidence requires the exclusion of this evidence. The trial court did not err in admitting the evidence complained of, and we overrule Moreno's first two points of error.

### CRIMINAL MISCHIEF

■ In his third point of error, Moreno contends that the evidence does not legally or factually support the conviction for criminal mischief. Specifically, Moreno contends the State failed to prove that the complainant's tires were destroyed, and in the alternative, the State failed to prove the market value of the tires.

■ In reviewing a legal sufficiency question, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 717, 133 L.Ed.2d 670 (1996). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim.App.), *cert. denied*, 513 U.S. 861, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994). The standard of review for an appellate court in deciding a challenge to the factual sufficiency of evidence is whether, after looking at all the evidence, the verdict is so against the great weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996).

In the present case, Moreno admitted to puncturing the tires on Marcella's automobile. However, Moreno contends that the State failed to prove that the tires were destroyed, or in the alternative, the State failed to prove the market value of the tires

as required by section 28.06 of the Texas Penal Code. We agree.

■ The second count of the information and complaint reads in pertinent part:

... [R]OLANDO MORENO, did then and there intentionally and knowingly damage and destroy tangible property, to-wit: slashed tires of vehicle, without the effective consent of MARCELLA MORALES, the owner, and did thereby cause pecuniary loss in the amount of $20.00 or more but less than $500.00 to the said owner.

When the State charges a defendant in the conjunctive, as here with "damage and destroy," under the criminal mischief statute, the State can either prove damage to property or destruction of property to support the charge. *Milo v. State*, 748 S.W.2d 614, 617 (Tex.App.—San Antonio 1988, no pet). The theory relied on by the State, damage or destruction, determines what evidence the State must prove for the amount of pecuniary loss. Further, the amount of pecuniary loss determines the severity and range of punishment of the crime.

In criminal mischief cases, determination of the amount of pecuniary loss is governed by the Texas Penal Code, which provides:

(a) The amount of pecuniary loss under this chapter, if the property is destroyed, is:

(1) the fair market value of the property at the time and place of the destruction; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.

(b) The amount of pecuniary loss under this chapter, if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred.

TEX. PENAL CODE ANN. § 28.06 (Vernon 1994). The record illustrates that Moreno punctured all four of Marcella's tires and the tires were deflated. This evidence sufficiently supports a conclusion that the tires were either damaged or destroyed. However, since the only evidence regarding pecuniary

loss was Marcella's testimony that she spent one hundred and fifty dollars replacing the tires, we can infer that the tires were destroyed rather than damaged. As section 28.06(a)(2) governs, replacement cost only applies to the destruction of property and only after fair market value cannot be ascertained. Moreover, the Court of Criminal Appeals has held that in criminal mischief cases, "before replacement value can be used to determine the pecuniary loss, the evidence must demonstrate that the fair market value cannot be ascertained." *Deas v. State*, 752 S.W.2d 573, 575 (Tex.Crim.App.1988). The record does not support the contention that the State met this burden.

The State relies on *Sullivan v. State*, 701 S.W.2d 905 (Tex.Crim.App.1986), for the proposition that Marcella's testimony regarding replacement cost satisfies the need for evidence of the fair market value of the destroyed property. In *Sullivan*, the Court interpreted the theft statute of the penal code, section 31.08, which uses a similar definition of pecuniary loss as that contained in section 28.06. *Id.* at 906. The Court held that an owner of personal property may testify to the property's value, and "the presumption must be ... that the owner is testifying to an estimation of the fair market value." *Id.* at 909. Moreover, *Sullivan* provided a basis for two courts of appeals to hold that a property owner's testimony of the replacement cost of destroyed property sufficiently supports a conviction of criminal mischief. *Sepulveda v. State*, 751 S.W.2d 667, 669 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Collins v. State*, 740 S.W.2d 534, 535–36 (Tex.App.—Beaumont 1987, no pet.). After *Deas*, we do not believe *Sepulveda* and *Collins* to be accurate interpretations of pecuniary loss in criminal mischief cases.

*Sepulveda* and *Collins* both relied on *Sullivan*'s interpretation of pecuniary loss under the theft statute. In *Sullivan*, as in most theft prosecutions, the owner/witness testified to the value of the stolen item, a pistol. *Sullivan*, 701 S.W.2d at 907. The owner/witness did not testify to the amount paid for a replacement pistol, but rather the value of the pistol stolen. As *Sullivan* correctly analyzes, we can presume that the owner/witness based this amount on commonly under-stood terms that reflect the value of his property at the time it was stolen. *Id.* at 909. The Court further held that the presumption arises regardless of whether the owner testifies about the purchase price or the replacement value. *Id.* However, in *Deas* and the present case, the owner/witness sought to testify to the cost of replacing the destroyed item, not the cost of the item destroyed. The record offers no evidence of the value of the tires admittedly destroyed by Moreno. If the value of all four tires amounted to over fifteen hundred dollars, Moreno admits to the commission of a state jail felony. TEX. PENAL CODE ANN. § 28.03(b)(4)(A) (Vernon 1994). However, if the amount of the destroyed tires amounts to less than fifty dollars, Moreno admits to a Class C misdemeanor. *Id.* at § 28.03(b)(1)(A). It appears that the requirement that the State offer evidence of fair market value guards against a prosecution based on inflated replacement cost testimony. For this reason we do not agree that *Sullivan* controls. In accordance with *Deas*, we affirm Moreno's third point of error and reversal of the criminal mischief conviction is required on this basis alone.

In his fourth point of error, Moreno contends that the jury improperly considered parole law during deliberations and, therefore, committed reversible error. Moreno failed to properly preserve this issue for appeal because he failed to object at trial, and he further failed to call the issue to the trial court's attention in the motion for new trial. TEX.R.APP. P. 33.1.

In accordance with this court's opinion, we affirm the judgment regarding the conviction for assault, but we reverse the judgment of the trial court regarding the criminal mischief conviction and remand the cause to the trial court with instructions that an order of acquittal be entered on the criminal mischief charge.