

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00356-CR

ROY MICHAEL LIGHTSEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Roy Michael Lightsey appeals the sentence from his conviction on two counts of possession of a controlled substance, contending in one point that the trial court reversibly erred by considering the operation of parole law in assessing the sentence. We affirm.

### Background Facts

---

[1]*See* Tex. R. App. P. 47.4.

One day in March 2010, Fort Worth Police Department Officer Terrance Horn was at a convenience store when one of the store's employees told Officer Horn that appellant had placed toothpaste tubes in his pocket. Appellant attempted to leave the store with the toothpaste, so Officer Horn detained him, ultimately arrested him, and found a candy bottle with thirteen pill capsules in his pocket. A chemist tested the pills' contents and determined that they contained .21 grams of cocaine and .67 grams of heroin.

A grand jury indicted appellant for two counts of possession of a controlled substance: possession of less than one gram of heroin and less than one gram of cocaine.[2] Based on the fact that appellant had two prior state-jail-felony convictions for possessing controlled substances, the indictment enhanced appellant's potential punishment from a state jail felony range to a third-degree felony range.[3]

Appellant pled not guilty on both counts, but after deliberating for only a few minutes, the jury convicted him of both of them. Appellant elected to have the trial court assess his punishment. During the punishment phase, appellant

---

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(2), (3)(D), .115(b) (West 2010).

[3]At the time of appellant's offense, section 12.42(a)(1) of the penal code provided, "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony." Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Sess. Law Serv. 2104, 2104 (West); *see Campbell v. State*, 49 S.W.3d 874, 875 (Tex. Crim. App. 2001).

pled true to the enhancement allegations in the indictment. After hearing appellant's girlfriend and sister testify, and after listening to the parties' closing arguments, the judge stated in part, "[C]onsidering that you might be eligible for parole after you serve one-quarter of the sentence, this is what I believe is appropriate . . . . [T]he Court hereby assesses your punishment at six years [on each count] in the Institutional Division of the Texas Department of Criminal Justice." Appellant brought this appeal.

## Preservation of Error

Appellant argues only that the trial court violated article 37.07 of the code of criminal procedure by considering the operation of parole law in assessing his sentence.[4] To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp. 2010) (stating that in the penalty phase of some jury trials, the jury should be instructed about various aspects of parole law but should be informed that it may not consider the manner in which the parole law may be applied to the defendant on trial). Appellant states in his brief, "Although this was not a jury trial the Appellant believes it [is] also improper for the Trial Judge to sentence a defendant based on . . . the operation of the parole laws." For the reasons stated below, we will not expressly decide whether the principles underlying section four of article 37.07 should affect a trial court's consideration of parole law in assessing punishment. We note, however, that we have held that although juries may not consider whether parole or good-conduct time may be awarded to a defendant, juries may use their knowledge of parole eligibility to fashion a sentence that contemplates the date that a defendant will become eligible for parole. *Waters v. State*, 330 S.W.3d 368, 374 (Tex. App.—Fort Worth 2010, pet. ref'd).

S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). We should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Most complaints, "whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez*, 138 S.W.3d at 342. Rule of appellate procedure 33.1 "does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal." *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *see Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). Systemic requirements—also known as absolute requirements or prohibitions—are laws that a trial court has a duty to follow even if the parties wish otherwise. *Mendez*, 138 S.W.3d at 340; *see Anderson*, 301 S.W.3d at 279. Systemic requirements include jurisdiction of the person or subject matter, a constitutional requirement that a district court conduct its proceedings at the county seat, and a constitutional prohibition against ex post facto laws. *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *Hall v. State*, 303 S.W.3d 336, 341 (Tex. App.—Amarillo 2009, pet. ref'd). "Waivable only" rights include the right to the assistance of counsel and the right to trial by jury.

*Saldano*, 70 S.W.3d at 888. Appellant has not contended or provided any reason for us to hold that a court's consideration of parole law during punishment violates a systemic requirement, nor does appellant argue that article 37.07 creates a waivable only right for the nonconsideration of parole law by a trial court in assessing a sentence.

Moreover, we cannot conceive of any reason why rule 33.1(a) would not apply to appellant's challenge to the trial court's sentence. Generally, an appellant may not complain about his sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd). In fact, other appellate courts that have reviewed this type of issue have applied rule 33.1(a). *See, e.g., Moreno v. State*, 961 S.W.2d 512, 515 (Tex. App.—San Antonio 1997, pet. ref'd); *see also Nguyen v. State*, No. 01-98-00256-CR, 1999 WL 450026, at *2 (Tex. App.—Houston [1st Dist.] June 17, 1999, pet ref'd) (not designated for publication) (holding that by failing to object to a judge's comment, a defendant forfeited a complaint that the judge erred by "considering the effect of good conduct time and parole release in assessing the appropriate punishment").

*Moreno* is instructive regarding a defendant's need to preserve an objection to the consideration of parole law during punishment. *See* 961 S.W.2d at 515. Moreno argued that reversible error resulted from the jury's consideration of parole law during deliberations. *Id.* But Moreno neither objected to the jury's

5

consideration of parole law nor filed a motion for new trial. *Id.* Accordingly, the appellate court ruled that he failed to preserve the alleged error. *Id.*

This appeal is similar to the appeal in *Moreno*. Like Moreno, appellant argues that his sentence was based on the trial court's improper consideration of parole law. Although a jury, rather than a judge, assessed punishment in *Moreno*, we conclude that this distinction is not relevant to the issue of whether a defendant must object to a punishment assessment that manifests a consideration of parole law. Appellant did not object to the trial court's stated consideration of parole law.[5] The first time appellant raised this concern was on appeal to this court. Thus, we conclude that appellant forfeited that issue. *See* Tex. R. App. P. 33.1(a); *Mendez*, 138 S.W.3d at 342 ("Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . *all other complaints* . . . are forfeited by failure to comply with Rule 33.1(a).") (emphasis added).

---

[5]In his motion for new trial, appellant contended only that the evidence was insufficient to support the jury's guilty verdict.

**Conclusion**

Having overruled appellant's sole point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 13, 2011