02-10-356-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00356-CR

 

 


 
 
 Roy Michael Lightsey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Roy Michael Lightsey appeals the sentence from his conviction on two counts of
possession of a controlled substance, contending in one point that the trial
court reversibly erred by considering the operation of parole law in assessing
the sentence.  We affirm.

Background
Facts

          One
day in March 2010, Fort Worth Police Department Officer Terrance Horn was at a
convenience store when one of the store’s employees told Officer Horn that
appellant had placed toothpaste tubes in his pocket.  Appellant attempted to
leave the store with the toothpaste, so Officer Horn detained him, ultimately
arrested him, and found a candy bottle with thirteen pill capsules in his
pocket.  A chemist tested the pills’ contents and determined that they
contained .21 grams of cocaine and .67 grams of heroin.

          A
grand jury indicted appellant for two counts of possession of a controlled
substance:  possession of less than one gram of heroin and less than one gram
of cocaine.[2]  Based on the fact that
appellant had two prior state-jail-felony convictions for possessing controlled
substances, the indictment enhanced appellant’s potential punishment from a
state jail felony range to a third-degree felony range.[3]

          Appellant
pled not guilty on both counts, but after deliberating for only a few minutes, the
jury convicted him of both of them.  Appellant elected to have the trial court
assess his punishment.  During the punishment phase, appellant pled true to the
enhancement allegations in the indictment.  After hearing appellant’s girlfriend
and sister testify, and after listening to the parties’ closing arguments, the
judge stated in part, “[C]onsidering that you might be eligible for parole
after you serve one-quarter of the sentence, this is what I believe is
appropriate . . . . [T]he Court hereby assesses your punishment
at six years [on each count] in the Institutional Division of the Texas Department
of Criminal Justice.”  Appellant brought this appeal.

Preservation
of Error

          Appellant
argues only that the trial court violated article 37.07 of the code of criminal
procedure by considering the operation of parole law in assessing his sentence.[4] 
To preserve a complaint for our review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  We should not address the merits of an
issue that has not been preserved for appeal.  Ford v. State, 305 S.W.3d
530, 532 (Tex. Crim. App. 2009).

          Most
complaints, “whether constitutional, statutory, or otherwise, are forfeited by
failure to comply with Rule 33.1(a).”  Mendez, 138 S.W.3d at 342.  Rule
of appellate procedure 33.1 “does not apply to rights which are waivable only
or to absolute systemic requirements, the violation of which may still be
raised for the first time on appeal.”  State v. Dunbar, 297 S.W.3d 777,
780 (Tex. Crim. App. 2009); see Anderson v. State, 301 S.W.3d 276, 279
(Tex. Crim. App. 2009).  Systemic requirements—also known as absolute
requirements or prohibitions—are laws that a trial court has a duty to follow
even if the parties wish otherwise.  Mendez, 138 S.W.3d at 340; see
Anderson, 301 S.W.3d at 279.  Systemic requirements include jurisdiction of
the person or subject matter, a constitutional requirement that a district
court conduct its proceedings at the county seat, and a constitutional prohibition
against ex post facto laws.  Saldano v. State, 70 S.W.3d 873, 888–89
(Tex. Crim. App. 2002); Hall v. State, 303 S.W.3d 336, 341 (Tex.
App.—Amarillo 2009, pet. ref’d).  “Waivable only” rights include the right to
the assistance of counsel and the right to trial by jury.  Saldano, 70
S.W.3d at 888.  Appellant has not contended or provided any reason for us to
hold that a court’s consideration of parole law during punishment violates a
systemic requirement, nor does appellant argue that article 37.07 creates a
waivable only right for the nonconsideration of parole law by a trial court in
assessing a sentence.

          Moreover,
we cannot conceive of any reason why rule 33.1(a) would not apply to appellant’s
challenge to the trial court’s sentence.  Generally, an appellant may not
complain about his sentence for the first time on appeal.  Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Laboriel-Guity v. State, 336
S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d).  In fact, other
appellate courts that have reviewed this type of issue have applied rule
33.1(a).  See, e.g., Moreno v. State, 961 S.W.2d 512, 515 (Tex.
App.—San Antonio 1997, pet. ref’d); see also Nguyen v. State, No.
01-98-00256-CR, 1999 WL 450026, at *2 (Tex. App.—Houston [1st Dist.] June 17,
1999, pet ref’d) (not designated for publication) (holding that by failing to
object to a judge’s comment, a defendant forfeited a complaint that the judge
erred by “considering the effect of good conduct time and parole release in
assessing the appropriate punishment”).

          Moreno
is instructive regarding a defendant’s need to preserve an objection to the
consideration of parole law during punishment.  See 961 S.W.2d at 515.  Moreno
argued that reversible error resulted from the jury’s consideration of parole
law during deliberations.  Id.  But Moreno neither objected to the jury’s
consideration of parole law nor filed a motion for new trial.  Id. 
Accordingly, the appellate court ruled that he failed to preserve the alleged
error.  Id.

          This
appeal is similar to the appeal in Moreno.  Like Moreno, appellant
argues that his sentence was based on the trial court’s improper consideration
of parole law.  Although a jury, rather than a judge, assessed punishment in Moreno,
we conclude that this distinction is not relevant to the issue of whether a
defendant must object to a punishment assessment that manifests a consideration
of parole law.  Appellant did not object to the trial court’s stated consideration
of parole law.[5]  The first time
appellant raised this concern was on appeal to this court.  Thus, we conclude
that appellant forfeited that issue.  See Tex. R. App. P. 33.1(a);
Mendez, 138 S.W.3d at 342 (“Except for complaints involving systemic (or
absolute) requirements, or rights that are waivable only, . . . all other
complaints . . . are forfeited by failure to comply
with Rule 33.1(a).”) (emphasis added).

Conclusion

          Having
overruled appellant's sole point, we affirm the trial court’s judgment.    

 

 

 

Terrie Livingston
Chief Justice 

 

PANEL:  Livingston, C.J.; Gardner and Walker, JJ.

 

Walker, J. concurs without opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 13, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety Code Ann.
§§ 481.102(2), (3)(D),
.115(b) (West 2010).





[3]At the
time of appellant’s offense, section 12.42(a)(1) of the penal code provided, “If
it is shown on the trial of a state jail felony . . . that the defendant has
previously been finally convicted of two state jail felonies, on conviction the
defendant shall be punished for a third-degree felony.”  Act of May 29, 1995,
74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, amended by
Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Sess. Law
Serv. 2104, 2104 (West); see Campbell v. State, 49 S.W.3d 874, 875 (Tex. Crim. App. 2001).





[4]See Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp. 2010) (stating that in the penalty phase of some jury
trials, the jury should be instructed about various aspects of parole law but
should be informed that it may not consider the manner in which the parole law
may be applied to the defendant on trial).  Appellant states in his brief,
“Although this was not a jury trial the Appellant believes it [is] also
improper for the Trial Judge to sentence a defendant based on . . . the
operation of the parole laws.”  For the reasons stated below, we will not
expressly decide whether the principles underlying section four of article
37.07 should affect a trial court’s consideration of parole law in assessing
punishment.  We note, however, that we have held that although juries may not
consider whether parole or good-conduct time may be awarded to a defendant,
juries may use their knowledge of parole eligibility to fashion a sentence that
contemplates the date that a defendant will become
eligible for parole.  Waters v. State, 330
S.W.3d 368, 374 (Tex. App.—Fort Worth 2010, pet. ref’d).





[5]In his motion for new trial, appellant contended only that the
evidence was insufficient to support the jury’s guilty verdict.