## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-13-00773-CR

Pablo **DUENAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 371st Judicial District Court, Tarrant County, Texas
Trial Court No. 1314224D
Honorable Mollee Bennett Westfall, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
              Marialyn Barnard, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2014

AFFIRMED

The sole issue presented in this appeal is whether the jury engaged in misconduct by considering the manner in which parole law would apply to Pablo Duenas, thereby depriving Duenas of a fair and impartial trial.  We overrule this issue and affirm the trial court's judgment.

### BACKGROUND

The jury charge at the punishment phase of trial properly instructed the jury on parole law. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2013).  During its deliberations, the jury sent a note that read, "How can we ensure that the defendant serves no less than 10 years

without the possibility of parole?" The trial court responded to the note by instructing the jury, "You are not to consider the manner in which the parole law may be applied to this particular defendant." The record does not contain any objection to the jury's note or to the trial court's response. The record also does not contain a motion for a mistrial in response to the jury's note or a motion for new trial asserting jury misconduct as a ground for a new trial. The jury assessed a sentence of fifteen years imprisonment.

## DISCUSSION

In order to preserve a complaint that the jury engaged in misconduct for appellate review, a defendant must move for a mistrial or file a motion for new trial. *Menard v. State*, 193 S.W.3d 55, 59 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Moreno v. State*, 961 S.W.2d 512, 515 (Tex. App.—San Antonio 1997, pet. ref'd). Because the record contains no such motion, Duenas's issue has not been preserved for our review.

Even if error had been preserved, however, "[a] jury's discussion of parole constitutes reversible error when a defendant shows: (1) a misstatement of the law; (2) asserted as a fact; (3) by one professing to know the law; (4) which is relied upon by other jurors; (5) who for that reason changed their vote to a harsher punishment." *Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001) (citing *Sneed v. State*, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984)); *see also Short v. State*, 995 S.W.2d 948, 954 (Tex. App.—Fort Worth 1999, pet. ref'd) (applying *Sneed* test). Whether evidence about the statements made during the jury's deliberations about parole law that led to them sending the note would have been admissible in order to try to establish the foregoing requirements is questionable. *See Salazar*, 38 S.W.3d at 147 n.3; *see also Martin v. State*, No. AP-76317, 2012 WL 5358862, at *11 n.4 (Tex. Crim. App. Oct. 31, 2012); *Huckaby v. State*, No. 2-01-301-CR, 2003 WL 21235588, at *5-6 (Tex. App.—Fort Worth May 29, 2003, pet. ref'd) (not designated for publication); TEX. R. EVID. 606(b). Moreover, in response to the jury's note, the

trial court properly instructed the jury not to consider the manner in which the parole law might be applied to Duenas, and we presume the jury followed those instructions. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *Sandoval v. State*, No. 12-12-00366-CR, 2013 WL 3967242, at *3 (Tex. App.—Tyler July 31, 2013, pet. ref'd) (not designated for publication); *Whitney v. State*, 396 S.W.3d 696, 706 (Tex. App.—Fort Worth 2013, pet. ref'd); *Graham v. State*, 96 S.W.2d 658, 661 (Tex. App.—Texarkana 2003, pet. ref'd).

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH