## MILBY AUTO CO. v. KENDRICK et al.
### (No. 9167.)

Court of Civil Appeals of Texas. Galveston. June 5, 1928.

Rehearing Denied July 5, 1928.

1. Damages ⬅113—Damages to automobile held properly determined by ascertaining cost of repairs, where cost was reasonable and repairs were necessary to and did restore car.

Damages for injury to automobile in collision were properly ascertained by jury by determining cost of repairs, where the car was susceptible of restoration to former condition, and was so restored by repairs, and where evidence showed the repairs made were necessary, and cost of repairs was reasonable.

2. Witnesses ⬅255(2) — Permitting witness to read from bill rendered for repairs to refresh recollection held not error.

In action for damages to automobile from collision, action of court in permitting witness who made repairs to car to read from bill rendered by him to refresh his recollection as to extent and cost of repairs held not error, as violating best evidence rule, where it was not shown that memoranda was entered in any book of record, and witness had no independent recollection.

3. Appeal and error ⬅971(1)—Witnesses ⬅255(2)—Permitting witness to refresh memory from memoranda made at time of occurrence is largely discretionary with trial court, whose ruling will not be disturbed, unless discretion is abused.

Question of allowing witness to refresh his memory by reading from memoranda made at time of occurrence is largely left to trial court's discretion, and trial court's ruling will not be disturbed, unless abuse of discretion appears.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬅1061(2)—Dismissal for want of jurisdiction of one of suits tried together held not ground for reversal in other suit.**

Where two damage suits were tried together by agreement, because growing out of the same transaction, dismissal of one of suits for want of jurisdiction, after jury had returned findings, *held* not ground for reversal of judgment in other case, where right of each plaintiff to recover was separately submitted, and separate judgments were rendered; Rev. St. 1925, art. 2207, being inapplicable.

**5. Appeal and error ⬅1052(5)—Admission of evidence concerning cost of operation held not prejudicial, where that element of damage was not submitted, and verdict was not attacked as excessive.**

In action for injuries, admission of evidence as to reasonable cost of operation to repair injury, if error, was harmless, where that element of damage was not submitted to jury, and no complaint was made that verdict was excessive, or that evidence was insufficient to sustain it.

Appeal from County Court at Law No. 2, Harris County; Ray Scruggs, Judge.

Suit by R. A. Kendrick, for himself and as next friend of his minor son, Michael C. Kendrick, against the Milby Auto Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Fouts, Amerman, Patterson & Moore, of Houston, for appellant.

K. O. Barkley and W. K. Richardson, both of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee R. A. Kendrick, for himself and as next friend of his minor son, Michael C. Kendrick, against appellant, to recover damages for injury to an automobile owned by plaintiff and for personal injuries to the minor, alleged to have been caused by the negligence of an employee of defendant in the operation for defendant of one of its automobiles. One Nick Fasullo also sued appellant in the court below for damages growing out of the automobile collision which appellee claims was the cause of his damages.

When appellee's suit was called for trial, on motion of Fasullo, to which appellant and appellee both agreed, the two suits were tried together. The trial resulted in a verdict and judgment in favor of appellee individually, for damages to his automobile in the sum of $247, and in favor of appellee, as next friend of the minor, for $150, for personal injuries sustained by the minor.

This appeal only concerns the verdict and judgment in this case, the Fasullo case having been dismissed by the court for want of jurisdiction, after the jury had returned a verdict in his favor. No appeal was taken by Fasullo, and the correctness of the court's judgment in his case is not involved in this appeal. This case is one in which the jurisdiction of this court is final, and no written opinion affirming the judgment is required by our statute, but, because of the earnestness with which counsel for appellant insist on several of the propositions presented in their brief, we will briefly state the substance of these propositions and the conclusions upon which our judgment is based.

[1] Appellant's main contention is that the finding of the jury of the cost of repairing appellee's automobile will not support a judgment for appellee for that amount of damage, because appellee's measure of damages for injury to his automobile is the difference in the market value of the automobile before and after its injury, and not the amount he may have spent in repairs after its injury. This issue was submitted by the court as follows:

"What amount would be the reasonable cost of necessary new parts and of repairing other broken or damaged parts of plaintiff R. A. Kendrick's automobile, to restore same to its former condition immediately before the accident?"

The evidence sustains the findings of the jury that the amount paid by the appellee for repairs to his automobile was the reasonable necessary cost of restoring it to its condition immediately prior to its injury by appellant. It occurs to us that there could be no more accurate method of ascertaining the damage caused appellee by appellant's negligence than the reasonable necessary cost of restoring the injured automobile to its condition prior to its injury, thereby giving it the same value it possessed immediately before its injury. Such measure of damages conforms to the one fundamental rule, applicable in all cases of negligent injury, which entitles the injured party to fair and reasonable compensation for the loss sustained, and is not in conflict with the general rule that the measure of damage is the difference in the market value of the injured property before and after its injury. If the injured property is restored to its condition prior to its injury, its market value would ordinarily be restored, and the cost of such restoration would be identical with the difference between its market value before and after its injury.

Of course, this rule for the measure of damage could only be applied when the injured property is susceptible of restoration to its former condition, and only, as in this case, when the evidence shows that the repairs of the property were necessary to restore it to its former condition and value, and the cost of such repairs was reasonable. These views are supported by the following cases: Chicago, R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Texas

Power & Light Co. v. Hale (Tex. Civ. App.) 276 S. W. 746.

We think the evidence is sufficient to sustain the finding of the jury that all of the repairs to the automobile, for the costs of which appellee was allowed recovery, were made necessary by the injury done the automobile by the appellant. While there is no testimony definitely and expressly stating this fact, it is a reasonable inference from all the testimony. There is no suggestion or intimation in any of the testimony that any of the repairs or restorations made on the automobile were not necessitated by the injury caused it by appellant.

[2] The court did not err in permitting the witness Hammock, who made the repairs to appellee's automobile, to read from the bill for such repairs rendered by him to appellee to refresh his memory as to the extent and cost of such repairs. The witness stated that he had no independent recollection, at the time he testified, which was a year or more after he repaired the automobile, of what repairs he made on the machine. He was then handed the bill which he had rendered appellee for the work, and stated in effect, after reading this bill, that he made the repairs therein stated, and that the reasonable cost of the several items was correctly stated in the bill. He further stated that this bill was rendered from memoranda made by him during the progress of the work on the automobile. It is not shown that this memoranda was entered in any book of record or was otherwise preserved and was then in existence. Upon this state of the record, we do not think it can be held that, in permitting the witness to refresh his memory by reading from the bill rendered by him, the primary rule of evidence, which requires that the best evidence of a fact sought to be proven must be produced, was violated.

[3] The question of allowing a witness to refresh his memory by reading from memoranda made at the time of the occurrence of which he is called upon to testify is largely left to the discretion of the trial court. Unless it appears from the record in the particular case that there was an abuse of such discretion, the ruling of the trial court will not be disturbed. Jones on Evidence (3d Ed.) § 569.

[4] There is no merit in appellant's contention that the judgment against it should be reversed, because the court was not authorized to disregard the findings of the jury in favor of the plaintiff Fasullo, and dismiss his suit for want of jurisdiction. We can conceive of no ground upon which appellant can be heard to complain of this matter. Appellee's claim against appellant was in no way dependent upon or connected with that of Fasullo. The two suits were separate and distinct, and were tried together by agreement, because they grew out of the same transaction, and involved the identical allegations of negligence on the part of appellant's employee. The right of each plaintiff to recover was separately submitted, and separate judgments were rendered in the cases. Article 2207, Revised Statutes 1925, cannot be invoked by appellant on behalf of Fasullo, and has no application to appellee's case, because the judgment in his case is rendered on the verdict as required by the statute.

[5] The ruling of the trial court permitting the witness Dr. Gamble to testify that the reasonable cost of an operation to repair the injury to the nose of the minor plaintiff would be $150, if error, was harmless, because such element of damage was not submitted to the jury, and the charge confined the jury, in fixing the amount of the minor's recovery, "to the mental pain and physical suffering, if any, that the plaintiff Michael Claude Kendrick has undergone." No complaint is made of excess in the verdict of the jury, or the sufficiency of the evidence to sustain the amount of the verdict.

Upon this state of the record, the evidence objected to could not have affected the verdict, and its admission, if erroneous, will not authorize a reversal of the judgment. None of appellant's propositions should, in our opinion, be sustained, and the judgment must be affirmed.

Affirmed.