**In the Matter of M. T. B., Appellant.**

**No. 6688.**

Court of Civil Appeals of Texas, El Paso.

May 17, 1978.

Kerr, Fitz-Gerald & Kerr, Ted M. Kerr, Midland, for appellant.

Leslie C. Acker, County Atty., L. Jean Wallace, Asst. County Atty., Midland, for appellee.

## OPINION

OSBORN, Justice.

This appeal is from a judgment of the Juvenile Court in Midland County which declared that M.T.B. had engaged in delinquent conduct within the meaning of Sec. 51.03 of the Texas Family Code, and placed him on probation. We reverse and remand.

The petition alleged that M.T.B., a minor, destroyed two tires on a car owned by Mrs. L. W. Hough, and two tires on a car owned by Dr. Joe T. Smith. The cars were parked on a parking lot at Lee High School in Midland, where Dr. Smith was principal, Mrs. Hough was a teacher, and M.T.B. was a student. The tires were apparently punctured in the sidewalls.

Mrs. Hough did not testify and the County Attorney acknowledges that there is not sufficient proof in the record to support findings of the alleged offense involving the tires on her car.

Dr. Smith did testify. He said that when he inspected his car after the offense was reported, he found that he had two flat tires. He described the tires as being "those Michelin, five [sic] thousand miles, steel-belted radials." He said they had about 19,000 or 20,000 miles on them and had been driven for approximately two years. He testified that the tires cost $135.00 each when he bought them, and the two replacement tires cost a total of $183.07. There is no proof in the record of the fair market value of the two tires in question which were alleged to have been destroyed.

The minor was charged with an offense constituting criminal mischief under Sec. 28.03, Tex.Penal Code Ann. The rule for determining the amount of the pecuniary loss and thus the seriousness of the offense is set forth in Sec. 28.06, Tex.Penal Code Ann. It provides in paragraph (a) that if the property is destroyed, the amount of the loss is:

"(1) the fair market value of the property at the time and place of the destruction; or

"(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction."

In connection with the proof actually made, the Appellee's brief says: "It is true that the State offered no proof of the fair market value of the destroyed tires. This was for the very good reason that the State is unaware that any such fair market value exists for tires that have been destroyed by puncturing the sidewall. Therefore the evidence offered for the amount of pecuniary loss came under part two of Section 28.06, Texas Penal Code which reads: '. . . if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction. . . .' is the amount of such loss."

This contention misses the point. The issue is what was the fair market value of the property prior to the destruction. Not only is there no proof of fair market value, there is also no proof that fair market value could not be ascertained. Surely, some proof could have been presented to comply with the requirements of Sec. 28.06(a)(1) from the party who sold the replacement tires to Dr. Smith or some other tire salesman in the County. But if not, no attempt was made to show that fair market value could not be ascertained, and Sec. 28.-06(a)(2) was not applicable. We conclude that there is no evidence to support the findings of commission of the offense charged and sustain Appellant's Point of Error No. 1. *Wise v. State*, 494 S.W.2d 921 (Tex.Civ.App.—Fort Worth 1973, no writ).

The State argues there was a commission of a lesser included offense of "damage" to property under Sec. 28.03, Tex.Penal Code Ann. We need not pass on this issue because there is no proof under Sec. 28.06(b) concerning damaged property to show "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred."

The judgment of the trial Court is reversed and the case is remanded to the trial Court.