**Gloria Jean PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-83-01307-CR.**

Court of Appeals of Texas, Dallas.

June 13, 1984.

Rehearing Denied July 16, 1984.

Billy R. Gant, Allen, for appellant.

H. Ownby, Criminal Dist. Atty., Roger V. Dickey, Asst. Dist. Atty., McKinney, for appellee.

Before STOREY, STEWART and SHUMPERT, JJ.

STOREY, Justice.

This is an appeal from a conviction of criminal mischief. Appellant contends that there was no evidence that the pecuniary loss to the owner was at least twenty dollars but less than two hundred dollars. We agree and, thus, reverse and render.

Appellant was accused of cutting the tires on a police vehicle. She was charged under TEX.PENAL CODE § 28.03 (Vernon Supp.1984) which requires proof of the amount of pecuniary loss suffered by the owner of the damaged or destroyed property. The proof at trial established that the tires were destroyed and had to be replaced. To determine the amount of pecuniary loss, TEX.PENAL CODE ANN. § 28.06 (Vernon 1974) provides in pertinent part:

> (a) The amount of pecuniary loss under this chapter, if the property is destroyed, is:
>> (1) the fair market value of the property at the time and place of the destruction; or
>> (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.

Appellant concedes that evidence was presented showing the replacement cost of the tires under subsection (a)(2). She argues, however, that there was no evidence of the fair market value of the tires under subsection (a)(1) or that the fair market value was not ascertainable, and, therefore, the replacement cost of the tires was not proper evidence of pecuniary loss.

Appellant relies on *In the Matter of M.T.B.*, 567 S.W.2d 46 (Tex.Civ.App.—El Paso 1978, no writ). In that case, the court held that there must be proof of the fair market value of the property before destruction, or proof that the fair market value could not be ascertained. *Id.*, at 47. Only then will replacement cost be competent evidence of pecuniary loss. *Id.*

To establish pecuniary loss, the State called a McKinney police officer who was driving the patrol car before the tires were cut. He testified that the car was equipped with "police special" tires, especially designed for police work, and that he was familiar with this type of tire. The prosecutor then asked the officer the following questions:

Q: Are you generally familiar with the fair market value for such special tires?

A: In a ballpark.

Q: In your opinion, what was the value of the tires? If you could, tell us by tire.

MR. GRANT: Objection, Your Honor. That's calling for an opinion from a witness who has not been qualified as an expert.

THE COURT: Overruled. The Court considers the police officer sufficiently expert to testify to the question.

A: (By the Witness) With the type of tire, and everything, I would estimate about $75.00 apiece by the time you consider mounting and balancing, and everything.

On cross-examination, the officer testified:

Q: Okay. You told the Prosecutor that the price of these tires is about $75.00 apiece?

A: That's what I estimate, you know, with mounting and balancing to get them ready to go on the car.

Q: That would be new tires, then?

A: Right.

The State then called the McKinney Police Chief, and the prosecutor asked the following questions:

Q: Okay. Are you familiar, as a police chief, with the fair market value and also the replacement value of tires identical to the tires the squad car had on it that evening?

A: Yes.

MR. GRANT: Objection, Your Honor. That calls for an opinion, and the witness

has not been shown to be qualified to make that opinion.

THE COURT: Overruled. The Court will allow the witness to testify as an expert.

Q: (By Mr. Eubanks) What are you basing your testimony on.

A: Of the cost of the tires?

Q: Yes.

A: The estimate from our shop.

\* \* \* \* \* \*

Q: Okay. Now, in connection with the two tires in question and replacing the two tires, let me show you what I have marked as State's Exhibit 3 and ask you if you are familiar with that.

A: Yes, I am.

Q: What is that?

A: It's a repair order for our city shop.

\* \* \* \* \* \*

Q: And for the record, Exhibit 3 is the repair order dealing with the replacement cost of the two tires that were cut on February 9, 1983?

A: Yes.

The exhibit showing the total replacement cost of the two tires to be $144.04 was then admitted to evidence. On cross-examination, the police chief testified:

Q: Officer—or Chief, what exactly did the shop do to the car?

A: Replaced the tires.

Q: They put new tires on the car?

A: Yes.

Q: You said that you had based your figure of $75.00 per tire on the estimate from the shop?

A: I didn't say that.

Q: Okay. But you said—but the value of the tires was about a hundred and fifty?

A: I believe the total value was a hundred and forty.

Q: Is that based on the value of new tires?

A: Yes.

Although the prosecutor asked both witnesses if they were familiar with the fair market value of the tires, neither witness testified as to fair market value but only as to replacement cost. Nor did either witness testify that the fair market value could not be ascertained. Therefore, replacement cost can not be considered as evidence of pecuniary loss. *M.T.B.*, 567 S.W.2d at 47. Accordingly, the defendant is ordered acquitted as is required in a reversal for insufficiency of evidence. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed and rendered.