## GERALD STONE V. STATE

No. 28,830. March 6, 1957.

*Thomas M. Mobley,* (*Leo Bierwirth* and *Henrye Rosenbaum,* of Counsel), Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for destroying personal property over the value of $50, with punishment assessed at two years in the penitentiary.

Notwithstanding the fact that Art. 1350, Vernon's P.C., makes it unlawful for one to wilfully injure or wilfully destroy personal property of another, the state elected to prosecute this case upon that part of the statute that relates to the destruction of property. There was no allegation in the indictment that the property was injured as distinguished from destroyed.

The indictment alleged the wilful destruction by appellant of one mattress, one table, four chairs, and one dress belonging to Earnest Gaines.

The circumstantial evidence supporting this allegation was to the effect that appellant, during the absence of Gaines, went into the latter's house and threw the above, and other items, out of the house, it was raining at the time. Gaines appeared some time thereafter, and was prevented from returning the articles to the house by the threat of appellant to kill him if he did.

There was no testimony showing that any of the property was destroyed, as distinguished from injured or damaged. There was no evidence indicating that the property could not have been repaired or restored to usefulness for the purpose for which it was constructed or made. The evidence was all to the effect that the property was only injured.

We are constrained to conclude that the facts do not show that the property was destroyed, as alleged in the indictment, and, therefore, that the facts do not support the conviction.

The judgment is reversed and the cause is remanded.