1. Since amended by Acts 1981, 67th Leg., p. 66, ch. 29, § 1, eff. August 31, 1981; Acts 1983, 68th

Thomas Ray DEAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 582–84.

Court of Criminal Appeals of Texas, En Banc.

June 22, 1988.

Jim Vollers, Austin, for appellant.

James L. Chapman, Dist. Atty., Steven C. Copenhaver, Asst. Dist. Atty., Sulphur Springs, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted after a trial by jury of the offense of criminal mischief to property involving a pecuniary loss of more than $200 and less than $10,000. V.T.C.A., Penal Code, Section 28.03.[1] Appellant

Leg., p. 2917, ch. 497, § 1, eff. Sept. 1, 1983; Acts 1985, 69th Leg., p. 2620, ch. 352, § 1, eff.

elected to have punishment assessed by the court and received a sentence of three years' imprisonment. Appellant appealed to the Texarkana Court of Appeals which affirmed his conviction. *Deas v. State,* 667 S.W.2d 304 (Tex.App.–Texarkana 1984). Appellant has petitioned this Court for discretionary review alleging twelve grounds for review. Grounds one through eight all relate to the sufficiency of the evidence.

Because of the nature of appellant's arguments, a review of the facts is necessary to understand the legal issues in this case. The record reflects that the events leading up to the commission of the offense were the result of a family quarrel. Appellant's father and stepmother had argued earlier in the day. Appellant's stepmother left the home she shared with appellant's father. The record shows she left driving one of their family cars. She drove to her daughter's house and parked the car in her daughter's garage and closed the garage door. The daughter and son-in-law of appellant's stepmother were not at home at the time the events pertinent to this case occurred.

Shortly after appellant's stepmother had parked her car and entered the house, appellant arrived driving a pickup truck with his father and his sister as passengers. The testimony from appellant's stepmother and a neighbor indicates that appellant pulled the truck directly into the driveway and parked it with the front of the truck facing the garage door. Appellant's father left the truck and went to the door of the house and announced that he was "coming in to get his car." Appellant's father then returned to the car. The record reflects that the garage door was electronically operated and that the principal means of opening and closing the door was to activate a small electronic "garage door-opener."

The testimony shows that appellant's sister left the vehicle and walked around the house and yard. She returned to the truck and got into it. Appellant then backed the pickup truck into the street and turned his vehicle around so that he was in a position to back the truck into the driveway with his rear bumper facing the garage door. Appellant then backed his pickup into the garage door. He then pulled the pickup forward slightly and parked it. He left the vehicle and he and his sister entered the garage through the hole made by the truck. Subsequent to these events, the owners of the garage door (the daughter and son-in-law of appellant's stepmother) filed a complaint with the authorities. Appellant was arrested and charged with the offense of criminal mischief. The complainants replaced the garage door at a cost of $590.00.

The jury was authorized to convict appellant if they found that he either damaged or destroyed the garage door. The jury was further instructed as to the statutory provision by which the value of property is established in cases where the property is damaged and in cases in which it is destroyed and authorized a conviction for either. The language of the court's charge closely tracks that of V.T.C.A., Penal Code, Section 28.06(a) and (b), which read as follows:

"(a) The amount of pecuniary loss under this chapter, if the property is destroyed, is:

(1) the fair market value of the property at the time and place of the destruction; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.

"(b) The amount of pecuniary loss under this chapter, if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred.

Sept. 1, 1985. The offense appellant was charged with committing was then a third degree felony because it involved an alleged pecuniary loss ($590.00) of more than $200 but less than $10,000. The Legislature has now determined that when criminal mischief results in a pecuniary loss of more than $200 and less than $750 the crime is punishable as a Class A misdemeanor.

In light of the jury verdict finding the appellant guilty of the felony offense of criminal mischief, we can infer that the jury found that appellant had destroyed (rather than damaged) the garage door since the only evidence of pecuniary loss in excess of $200.00 was the testimony of what the owners paid to replace the door. To consider replacement cost in determining pecuniary loss requires the property to have been destroyed. Section 28.06(a)(2), supra.

Appellant argues that in spite of the evidence admitted at trial there is no evidence that the door was destroyed. Appellant reasons that the testimony only showed the owners replaced the door and that on cross-examination they admitted to having no expertise in the area of garage doors. At trial, appellant produced an expert witness who stated that in his opinion the door was only damaged and that it could have been repaired for a total cost of $150.00. He further contends there is insufficient evidence to show that the door was destroyed. Appellant accordingly argues in his petition that the jury charge incorrectly authorized the conviction of appellant on the basis of the door's destruction.

The second aspect of appellant's complaint involves the related contention that since there was no evidence of destruction the proper measure of pecuniary loss under Section 28.06, supra, is repair cost and not replacement cost or the fair market value of the door. Appellant argues that the testimony and evidence only established damage and that the testimony concerning pecuniary loss only established fair market or replacement loss. Arguing alternatively, appellant asserts that assuming arguendo that the evidence of destruction was sufficient, the owners were unqualified to testify as to fair market value. He relies on the provisions of Section 28.06, supra, which holds replacement value can only be used to prove pecuniary loss if the fair market value cannot be established. Appellant thus argues that no showing of the unavailability of evidence on fair market value of the door was made and that the owners, unqualified to testify as to fair

market value, only testified to replacement cost. Appellant relies on his cross-examination of the owners and the testimony of his expert witnesses to sustain this position.

Believing appellant to be correct in his argument, we will reverse the judgments of the trial court and the Court of Appeals and remand the cause with instructions that an order of acquittal be entered.

Appellant argues that the case of *Stone v. State*, 299 S.W.2d 304 (Tex.Cr.App.1957), although being a prosecution under former Article 1350, V.A.P.C. (1925), is controlling. There, the defendant was convicted of destroying personal property of over the value of $50. The statute then provided that the offense could be committed by either injury to or destruction of the property. The State, in *Stone*, elected to proceed on a theory of destruction alone. The Court there noted in reversing Stone's conviction:

"There was no testimony showing that any of the property was destroyed, as distinguished from injured or damaged. There was no evidence indicating that the property could not have been repaired or restored to usefulness for the purpose for which it was constructed or made." *Stone v. State*, supra, at 305.

Even though the prosecution in the case at bar proceeded on an indictment alleging both damage or destruction, the evidence wholly fails to show the property was destroyed as distinguished from damaged. Like *Stone*, supra, there was no evidence indicating that the garage door could not have been repaired. On the contrary, appellant's expert produced evidence that the door could have been repaired at a nominal cost. For this reason alone, reversal is required.

Furthermore, the only evidence in the record to support a felony conviction was evidence of the replacement value. Before replacement value can be used to determine the pecuniary loss, the evidence must demonstrate that the fair market value cannot be ascertained. Section 28.06(a)(2), supra. The only evidence presented by the State as to fair market value came from

the complainant who, in response to the prosecutor's question, stated, over objection, that it was $590.00. On cross-examination, however, the complainant testified that he did not know the fair market value of the garage door at the time of the incident, but based his opinion solely on what he had paid to replace the door. See *In the Matter of M.T.B.*, 567 S.W.2d 46 (Tex.App.–El Paso 1978, no writ), and *Phillips v. State*, 672 S.W.2d 885 (Tex.App.–Dallas 1984).

Having found the evidence insufficient to support the conviction, the judgments of the Court of Appeals and the trial court are reversed, and this cause is remanded to the trial court with instructions that an order of acquittal be entered. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

WHITE, J., concurs in the result.