In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00205-CR
______________________________


JAMES GLENN JACOBS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30643-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â James Glenn Jacobs was indicted for intentionally fleeing from a police officer in a vehicle
on or about March 16, 2003. After a jury found Jacobs guilty, he elected to have the trial court
assess punishment. The trial court sentenced Jacobs to two years' confinement in a state-jail facility. 
We affirm the judgment of the trial court.
Â Â Â Â Â Â Â Â Â Â Â Â On March 16, 2003, Jacobs appeared, uninvited, at the Wheeler family barbeque. After
Jacobs was asked to leave, he caused his vehicle to "squeal out" at a high speed, apparently striking
a water hydrant, interrupting water service. After the police were called, Officer Kevin Freeman,
a sergeant with the Kilgore Police Department, began to try to locate Jacobs. Freeman, who had
been given a partial license plate number and a description of the vehicle (a red Ford Bronco),
located Jacobs in his vehicle, activated his overhead lights and siren, and began following Jacobs'
vehicle. Freeman was two car lengths behind Jacobs' vehicle. Jacobs accelerated his vehicle, and
Freeman followed it for more than a mile. Eventually, Jacobs stopped and ran away on foot. Jacobs
was not located that night. A warrant for his arrest was obtained, and on April 11, 2003, several
officers went to a residence to serve the warrant on Jacobs. The red Ford Bronco that Freeman had
pursued on March 16 was at the residence. Freeman was told by Shanna Goff, Jacobs' girlfriend, that
Jacobs was not there. Jacobs was found hiding under the mobile home. 
Â Â Â Â Â Â Â Â Â Â Â Â Jacobs appeals on the following issue: Did the trial court err by allowing into evidence
appellant's attempt to evade arrest on April 11, 2003?
Â Â Â Â Â Â Â Â Â Â Â Â Before evidence was presented as to the arrest of Jacobs on April 11, 2003, an objection was
made to "anything related to April 11" as being irrelevant to the alleged offense. Outside the
presence of the jury, the court stated: 
THE COURT: Well, I think the State is entitled to show when he was
arrested and where he was arrested. Any other details don't have a bearing on this
case, so I'm going to let you develop what date he was arrested and where he was
arrested, okay? 
Â 
[State's attorney]: And not the circumstances surrounding that arrest?
Â 
THE COURT: Well, where he was arrested, like if he was hiding
somewhereÂ -- . . . . 
Â Â Â Â Â Â Â Â Â Â Â Â Jacobs now argues that the evidence relating to his arrest was not relevant, contained an
extraneous offense, and was per se inadmissible.
Â Â Â Â Â Â Â Â Â Â Â Â An appellate court must review a trial court's admissibility decision under an abuse of
discretion standard. Robbins v. State, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002) (citing
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). This standard
requires an appellate court to uphold a trial court's admissibility decision when that decision is within
the zone of reasonable disagreement. An appellate court would misapply the appellate abuse of
discretion standard to reverse a trial court's admissibility decision solely because the appellate court
disagreed.
Â Â Â Â Â Â Â Â Â Â Â Â The general rule is the State is entitled to show the circumstances surrounding the arrest of
an accused, unless such evidence is inherently prejudicial and has no relevance to any issue in the
case. Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985); Paz v. State, 749 S.W.2d 626,
629 (Tex. App.âCorpus Christi 1988, pet. ref'd). 
Â Â Â Â Â Â Â Â Â Â Â Â We find the evidence was relevant concerning Jacobs' "hiding" under a mobile home when
the police were attempting to arrest him. This is essentially evidence Jacobs was attempting to flee
from the police and evade arrest. Evidence of flight is admissible as tending to prove knowledge of
guilt. Bigby v. State, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); Walker v. State, 588 S.W.2d
920, 924 (Tex. Crim. App. [Panel Op.] 1979). Such evidence is a quasi-admission of guilt. Â Pina
v. State, 38 S.W.3d 730, 738 (Tex. App.âTexarkana 2001, pet. ref'd). Evidence of flight has been
held to evince a consciousness of guilt and is relevant to the issue of mens rea. Louis v. State, 61
S.W.3d 593 (Tex. App.âAmarillo 2001, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â Jacobs testified to the following concerning the March 16 incident: he did not run from the
police in a vehicle; he never saw Freeman following him; he did not know why Freeman was coming
to his home; the officer did not turn on his emergency lights until he was twenty feet from Jacobs'
driveway; Jacobs was out of his vehicle when the police officer turned on his (emergency) lights;
he ran away on foot because the Kilgore Police Department had previously "whipped on me several
times."
Â Â Â Â Â Â Â Â Â Â Â Â The State was required to prove that, on March 16, while using a vehicle, Jacobs had the
conscious objective or desire to flee from Freeman, a peace officer, who was attempting to lawfully
arrest or detain him. Jacobs contended that he had no knowledge of the offense or that the police
were seeking him. Therefore, evidence of attempted flight or evasion at the time of his arrest on
April 11 was relevant on the issue of consciousness of guilt or mens rea.
Â Â Â Â Â Â Â Â Â Â Â Â Flight evidence is admissible in other situations. For instance, when one is charged with
unlawful possession of a controlled substance, evidence of attempted flight is a circumstance tending
to show that the defendant knew the substance was contraband. See State v. Derrow, 981 S.W.2d
776, 778 (Tex. App.âHouston [1st Dist.] 1998, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â We have found that the complained-of evidence was relevant apart from its tendency to prove
the character of a person in order to show that he or she acted in conformity therewith. Tex. R. Evid.
404(a). Relevancy was the only objection made at trial. No objection based on Tex. R. Evid. 403
was made. Without further objection, the trial court shall admit such relevant evidence. 
Montgomery, 801 S.W.2d at 389 (op. on reh'g).
Â Â Â Â Â Â Â Â Â Â Â Â We find that the trial court did not abuse its discretion when it allowed evidence that Jacobs
was hiding underneath the mobile home at the time the police officers were attempting to arrest him.
Â Â Â Â Â Â Â Â Â Â Â Â Further, even if such evidence was inadmissible, the admission of it would be a
nonconstitutional error governed by Tex. R. App. P. 44.2. The evidence logically explained the
actions of the officers in attempting to arrest Jacobs. When the officers arrived to serve the warrant
on Jacobs, even though they saw his vehicle at the residence, they were told he was not there. It
would have been difficult to present any evidence of the circumstances of Jacobs' arrest without
explaining how and where he was located after the officers were told he was not at that residence. 
Further, the evidence was not mentioned by the State in its final argument. We find that, even if this
evidence was improper, it was an error that did not affect the substantial rights of Jacobs and,
therefore, must be disregarded. See Tex. R. App. P. 44.2(b).
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â May 10, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 11, 2004

Do Not Publish



en="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-08-00225-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BARBARA HOLZ,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 115th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Marion County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. F13917

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion on Remand by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION ON REMAND

Â 

Â Â Â Â Â Â Â Â Â Â Â  Barbara
Holz appealed her misdemeanor criminal mischief conviction for damage to JohnÂ T.
LawrenceÂs manufactured home caused by HolzÂs conduct in allowing her dog to
defecate and urinate on the carpet of the manufactured home.[1]Â  Holz alleged, inter alia, that the evidence was neither legally sufficient nor
factually sufficient to support the judgment.Â 
In this opinion on remand, we decide that the evidence for amount of
pecuniary loss suffered by Lawrence was legally insufficient to sustain HolzÂs
conviction.[2]Â  Accordingly, we reverse HolzÂs conviction and
render a judgment of acquittal in this cause.

I.Â Â Â Â Â Â Â Â Â  Legal Sufficiency
Standard of Review

Â Â Â Â Â Â Â Â Â Â Â  Although
Holz raised a factual sufficiency challenge on appeal, in the very recent case
of Brooks v. State, a plurality of
the Texas Court of Criminal Appeals abolished the factual sufficiency review
established by Clewis v. State[3] and its progeny. Â No. PD-0210-09, 2010 WL 3894613, at **1, 14
(Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision). Â The plurality and a concurring justice agreed
that Âthe Jackson v. Virginia
legal-sufficiency standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.Â Â Id. (emphasis
added). Â Due to the Texas Court of
Criminal AppealsÂ abolishment of factual sufficiency review, we do not address
HolzÂs challenge to the factual sufficiency of the evidence.

Â Â Â Â Â Â Â Â Â Â Â  In
evaluating HolzÂs legal sufficiency challenge, we review all of the evidence in
the light most favorable to the verdict and determine whether any rational jury
could find the essential elements of the offense (here, pecuniary loss of at
least $500.00) beyond a reasonable doubt.Â 
Jackson v. Virginia, 443 U.S.
307, 319 (1979); Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield
v. State, 305 S.W.3d 859, 862 (Tex. App.ÂÂTexarkana 2010, pet. refÂd).Â  Based on the Brooks pluralityÂs description of the new application of legal
sufficiency review under Jackson as ÂrigorousÂ
and its statement that the use by reviewing courts of the factual sufficiency
standard in tandem with the legal sufficiency standard may have ÂskewedÂ its
proper application, it appears that the court is attempting to refocus the
application of the legal sufficiency standard from the quantity to the quality
of the evidence presented.Â  2010 WL
3894613, at *17 (Cochran, J., concurring).Â 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury Âto fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.ÂÂ  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318Â19).Â  If we determine that the evidence is legally
insufficient to sustain a conviction, the proper remedy is to reverse the case
and order acquittal.Â  See Tibbs v. Florida, 457 U.S. 31, 41Â42
(1982); Taylor v. State, 626 S.W.2d
543, 545Â46 (Tex. App.ÂÂTexarkana 1981, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  We
measure the evidence Âby the elements of the offense as defined by the
hypothetically correct jury charge for the case.Â[4] Â Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).Â  The hypothetically-correct jury charge Âsets
out the law, is authorized by the indictment, does not unnecessarily increase
the StateÂs burden of proof or unnecessarily restrict the StateÂs theories of
liability, and adequately describes the particular offense for which the
defendant was tried.Â Â Id.Â 


II.Â Â Â Â Â Â Â  Analysis

Â Â Â Â Â Â Â Â Â Â Â  A
person commits criminal mischief if he, without the effective consent of the
owner, intentionally or knowingly damages or destroys the tangible property of
the owner.[5]Â  Tex.
Penal Code Ann. Â§ 28.03 (Vernon Supp. 2010). Â The pecuniary loss resulting from the criminal
mischief determines the grade of the offense.Â 
Tex. Penal Code Ann. Â§
28.03(b); see Lackey v. State, 290 S.W.3d 912, 918 (Tex. App.ÂÂTexarkana 2009,
pet. refÂd).Â  Thus, criminal mischief
also includes, as a crucial element, the value of pecuniary loss. Â Lackey,
290 S.W.3d at 918 (citing Elomary v.
State, 796 S.W.2d 191, 192Â93 (Tex. Crim. App. 1990)); Barnes v. State, 248 S.W.3d 217, 220 (Tex. App.ÂÂHouston [1st
Dist.] 2007, pet. struck).Â  Here, a jury
determined pecuniary loss equaled or exceeded $500.00, making the criminal
mischief a class A misdemeanor.Â  The jury
assessed punishment to Holz for thirty daysÂ confinement and six months of
community supervision.

Â Â Â Â Â Â Â Â Â Â Â  The
indictment and jury charge in this case would allow a jury to convict Holz
either if she damaged the manufactured home or if she destroyed it.Â  At trial, the State elected to proceed on the
theory that Holz had damaged, rather than destroyed, the mobile home.[6]Â  If property is damaged, pecuniary loss is
determined by the cost of repairing or restoring the damaged property within a
reasonable time.Â  Tex. Penal Code Ann. Â§ 28.06(b) (Vernon 2003).

Â Â Â Â Â Â Â Â Â Â Â  Shawn
Cox, an investigator for the Marion County SheriffÂs Office, and Christopher
West, an investigator for the Society for the Prevention of Cruelty to Animals,
described the condition of the mobile home.Â 
Holz, 320 S.W.3d at 345.Â  West testified that there were approximately
ten piles of feces in the mobile home and that the smell of urine was present. Â He recalled only 100 square feet of carpet in
the home.Â  

Â Â Â Â Â Â Â Â Â Â Â  At
trial, Lawrence was the StateÂs source of testimony regarding the amount of
loss suffered by him due to the canine waste deposited on the floors.Â  There were several rooms, including the
kitchen and bathroom, that were not carpeted.Â 
Although Lawrence claimed the entire carpeted area in the home was Âruined,Â
he had testified previously that the carpet had sustained water damage before
the damage caused by the animal feces, and failed to clarify that the dogÂs
waste had damaged all three carpeted rooms.Â 
Even though the entire mobile home was Â12 by 65Â (780 square feet) in
size, Lawrence stated he had Âcalled Holloway Carpet in Marshall and just told them
it was a 12-by-65 mobile home . . . [and that] it was two bedroom and living
room that need to be replaced.ÂÂ  Upon
cross-examination, he also stated that he provided the carpet company twelve
feet by fourteen feet as the dimensions of each of the three rooms, leading to
a total carpeted square footage of 504 feet.Â 
Lawrence testified the estimate he received was to replace (not repair)
the carpet and pad at a cost of $2,100.00.Â 
There was no indication of how many square feet of carpet were included
in the estimate, no indication of the price of the carpet versus the pad, and
no testimony that the carpet pad required replacement. Â There was further no evidence provided as to
the quality of the carpet which was damaged, as compared with the quality of the
carpet proposed to be used to replace it. Â Lawrence did not contact anyone to determine
whether the damage to the carpet could be remedied by cleaning.Â  

Â Â Â Â Â Â Â Â Â Â Â  Â[A]n estimate of
damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of
repairs as required by sec. 28.06(b) of the Texas Penal Code.Â Elomary, 796 S.W.2d at 193.Â  Lawrence
concluded, without evidence, that the living room and two bedrooms had carpet
that needed to be replaced.Â  He also rendered
an opinion that the carpet pad was damaged by including it in the estimate to
replace it.Â  The Texas Court of Criminal
Appeals, citing Elomary, explained
that Âan unsupported lay opinion as to damage,
without more, will be insufficient to prove cost
of repair.Â Â Holz, 320 S.W.3d at 350.Â  Here, Lawrence claimed that he had received a
cost estimate to replace the carpet, without determining whether it could be
otherwise repaired or cleaned.Â  While he
claimed the carpet was ruined, Lawrence did not clarify whether the price of
the estimate was necessary due to HolzÂs actions as distinguished from previous
damage. Â Id. at 352 n.52 (quoting Athey
v. State, 697 S.W.2d 818, 821 (Tex. App.ÂÂDallas 1985, no writ) (Â[T]he
State has a burden Âto show that the repairs . . . were a necessary result of
defendantÂs acts, rather than a result of previous damage.ÂÂ).Â  Referring to Sebree v. State, 695 S.W.2d 303 (Tex. App.ÂÂHouston [1st Dist.]
1985, no pet.), the Texas Court of Criminal Appeals further stated:

Although it is possible that evidence could show
that damages and costs of repair are synonymous in certain circumstances, we
are of the opinion that in the instant case the State has failed to prove that
the two terms are synonymous. Â The
evidence adduced by the state [sic]
failed to connect the estimate of damages in any manner with the cost of
repair.

Â 

Holz, 320 S.W.3d at 349.Â  We
find the same has occurred in the instant case.Â 


Â Â Â Â Â Â Â Â Â Â Â  We
hold that LawrenceÂs testimony was legally insufficient to establish that the amount
of pecuniary loss suffered by him exceeded $500.00.Â  Thus, we reverse the judgment as to HolzÂs
conviction and render an acquittal in this cause number.Â  Deas v.
State, 752 S.W.2d 573, 576 (Tex. Crim. App. 1988) (citing Burks v. United States, 437 U.S. 1
(1978)).Â  Accordingly, we need not
address HolzÂs remaining points of error.

III.Â Â Â Â Â Â  Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We reverse the judgment of HolzÂs
conviction and render acquittal in this cause.[7]

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  October 20, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November 4, 2010

Â 

Do Not Publish











[1]This
case is a companion to a third-degree felony charge brought against Holz and
tried simultaneously with this matter in our cause number 06-08-00224-CR, the
other case involving a house across the street from LawrenceÂs property (which,
although she maintained her residence there, belonged to the United States
Department of Agriculture).Â  In the
companion case, Holz had kept some eighty-six dogs in and on the premises with
damage occasioned to the floors of the house by reason of the animalsÂ waste. Â Since most of the evidence in that case is not
relevant here and is mentioned here only to show the relation of the two cases,
we do not reiterate it.Â  

Â 





[2]In
our previous opinion, we stated that unless a complainant is an expert, Âan
estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of
repairs.Â Â Elomary v. State, 796 S.W.2d 191, 192Â93 (Tex. Crim. App. 1990); English v. State, 171 S.W.3d 625, 629 (Tex.
App.ÂÂHouston [14th Dist.] 2005, no pet.) (citing Sebree v. State, 695 S.W.2d 303, 305 (Tex. App.ÂÂHouston [1st
Dist.] 1985, no pet.)).Â  The Texas Court
of Criminal Appeals has clarified that presentation of expert testimony is not
required when proving cost of repairs.Â  Holz v. State, 320 S.W.3d 344, 352 (Tex.
Crim. App. 2010).Â  

Â 





[3]922
S.W.2d 126 (Tex. Crim. App. 1996). 





[4]Malik controls Âeven in the absence of alleged jury charge error.Â Â Gollihar
v. State, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

Â 





[5]As
to the underlying charge here, there was some uncertainty as to the degree of
permission which Holz had received from Lawrence regarding permission to even
enter the Lawrence manufactured home (which had been occupied by LawrenceÂs
relative before the relativeÂs death and then remained vacant).Â  However, Holz acknowledged ownership of the
dog found in the manufactured home.





[6]If
the property alleged in the indictment is destroyed, the amount of pecuniary
loss is either the fair market value of the property at the time and place of
destruction or, if fair market value cannot be ascertained, the cost of
replacing the property within a reasonable time after destruction.Â  Tex.
Penal Code Ann. Â§ 28.06(a) (Vernon 2003).Â  There is no reference in the record alleging
the manufactured home was destroyed by virtue of the carpetÂs condition.Â  The jury charge defined the term Âpecuniary
lossÂ to mean the cost of repairing or restoring the damaged property within a
reasonable time after damage occurred, evidencing the StateÂs recognition that
the manufactured home was damaged, rather than destroyed. 





[7]We
distinguish this case from our opinion in Lackey.
Â Lackey was convicted of criminal
mischief for puncturing tires by throwing roof nails on the roadway. Â The jury found pecuniary loss in excess of
$1,500.00. Â Lackey, 290 S.W.3d at 918. Â We
found the evidence was insufficient to find this amount of pecuniary loss. Â Id.
at 920. Â However, the jury in Lackey was presented with a
lesser-included offense of criminal mischief where pecuniary loss was more than
$50.00, but less than $500.00 dollars.Â  Id. Â Because we found the evidence supported the
lesser-included offense, we were able to simply reform the judgment to reflect
conviction of a class B misdemeanor and remand the case to the trial court. Â Id. Â This option is not available in the present
case since neither party requested, and the jury was not presented with, such a
lesser-included offense charge.