NO.
12-05-00344-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

BOBBY CARL MINCHEW, §          APPEAL
FROM THE SECOND

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Bobby Carl
Minchew appeals his conviction for the offense of criminal mischief.  In four issues, Appellant contends that the
evidence is legally and factually insufficient to sustain the conviction.  We affirm.

Background








            Patricia
Graham was at home alone with her four year old granddaughter when her dogs
began to bark at about four o’clock in the morning.  She got up to let the dogs out.  Ordinarily, Graham would not have closed the
door behind the dogs, but it was very cold that morning and she closed and
latched the door.  As soon as she closed
the door, she saw Appellant, whom she did not know, standing on her back
porch.  He began yelling that he was
going to get into the house.  Graham
immediately called her brother who lived a short distance away and then called
the police.  Appellant continued to yell
and moved around the house toward the front door.  At trial, Graham testified that Appellant
attempted to gain entry through most of the windows around her house as he moved
from the back door to the front.  Once he
reached the front door, Appellant began trying to open that door.  The door was a large oak door with twenty–one
wooden inlays.  Appellant damaged many of
the inlaid pieces of wood and managed to put a hole in at least one of the
panels.  Despite the fact that the door
was deadbolted shut, Appellant was able to force the door open.  His progress was impeded by some items stored
behind the door, but Appellant managed to open the door about eighteen
inches.   

            Graham’s
brother arrived as Appellant was trying to push the door open.  Armed with a handgun, the brother persuaded
Appellant to desist in his efforts to gain entrance to the home.  A sheriff’s deputy arrived a short time later
and Appellant was taken into custody. 
Appellant was intoxicated and the deputy discovered a small knife in his
pocket.  

            A
Cherokee County grand jury indicted Appellant for the felony offenses of
burglary of habitation and criminal mischief.[1]  Appellant and the State both waived a trial
by jury and the case was heard by the trial court.  Appellant testified that his truck had broken
down near the home, he had consumed twelve beers the evening before, he had
merely wanted to call his wife to have her pick him up, and he did not damage
Graham’s home.  The court found
insufficient evidence that Appellant had committed a burglary, but convicted
him of criminal mischief, a state jail felony. 
The court assessed punishment at two years in a state jail facility.
This appeal followed. 

 

Sufficiency
of the Evidence

            In
four issues, Appellant argues that the evidence was legally and factually
insufficient to show that he damaged the home or that he caused more than
$1,500.00 in losses.  The State failed to
file a brief.

Standard of Review–Legal Sufficiency

            The
Fourteenth Amendment due process guarantee requires that there be legally
sufficient evidence to sustain a criminal conviction.  Jackson v. Virginia, 443 U.S.
307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); see also Russeau
v. State, 171 S.W.3d 871, 877 (Tex. Crim. App. 2005).  Examined in a light most favorable to the
jury’s verdict, evidence is legally sufficient if any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789. 

            The
legal sufficiency of the evidence is measured against the offense as defined by
a hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.

            As
authorized by the indictment, the State was required to prove that Appellant
intentionally or knowingly damaged or destroyed tangible property causing a
pecuniary loss of more than $1,500.00.  Tex. Pen. Code Ann. § 28.03 (a)(1),
(b)(4)(A) (Vernon 2005).

Standard of Review–Factual
Sufficiency

            In
reviewing factual sufficiency of the evidence, we must determine whether a
neutral review of the evidence, both for and against the finding, demonstrates
that a rational jury could find guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484–85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003); Ortiz v. State, 93 S.W.3d 79, 87
(Tex. Crim. App. 2002).  A clearly wrong
and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. 

            As
in legal sufficiency review, the fact finder is the sole judge of the weight
and credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000);
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The jury may choose to believe all, some, or
none of a witness’s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Analysis

            The
evidence is legally and factually sufficient to support the conclusion that
Appellant was the one who damaged the home. 
The homeowner was inside the home as it was being damaged.  She heard Appellant trying to get in the
windows and saw the front door being pushed open.  The homeowner testified that the windows and
front door were not damaged before Appellant attempted to gain entry.  Under either standard, the evidence is
sufficient for a rational finder of fact to conclude that Appellant was the
person who damaged or destroyed the property.

            The
question of the amount of pecuniary loss is a closer question.  The method of determining the amount of
pecuniary loss is established by statute. 
Pecuniary loss is the fair market value of the property at the time it
was destroyed or the replacement cost if that cannot be determined.  Tex.
Pen. Code Ann. § 28.06 (Vernon 2005); Deas v. State, 752
S.W.2d 573, 575 (Tex. Crim. App. 1988). 
If the property is merely damaged, the pecuniary loss is the cost of
repairing or restoring the damaged property. 
Tex. Pen. Code Ann. §
28.06(b).  

            The
homeowner testified that she had received an estimate for more than $2,800.00
to replace the door, to replace the lock, and to repair the windows and
screens.  If the cost of the new door is
subtracted, the cost of the repairs is less than $1,500.00.  The question then is whether replacing the
door was required.  The homeowner
testified that it was.  She testified
that, as a result of Appellant’s efforts, the door had holes in it and nearly
every one of the inlaid wooden panels had some kind of damage.  Additionally, her brother, who is a
contractor and who submitted the estimate, testified that the door was not a
modern sized door, and an exact replica would cost substantially more than the
amount of the estimate, which was for a new door and assembly.  

            This
case is different from Deas, where there was testimony that a
repair could be done that would have been cheaper than replacing the garage
door.  Deas, 752 S.W.2d at
575.  The door in this case was a large
oak door with 21 inlaid panels.  The
homeowner testified that the door had to be replaced due to the damage done to
it, including damage to nearly all of the inlaid panels and to the lock and
handle mechanism.  The finder of fact
credited this testimony and accepted it as evidence either that the door was
destroyed or that a repair was either not feasible or would cost more than a
new door.  In his summation, Appellant’s
counsel did not question the need to replace the door but argued that the lower
cost of a steel door, which is what the homeowner was going to use for security
purposes, should be the measure of the pecuniary loss. 

            The
evidence is legally and factually sufficient to show that the damage done to
the door was sufficient to require replacement. 
As such, the replacement cost is the reasonable measure of the
loss.  We accept the implicit finding
that the fair market price of the door would be high enough to meet the
statutory threshold or that the cost of repair would be more than the cost of a
new door.[2]  A rational trier of fact could conclude that
the appropriate measure of the pecuniary loss was in excess of $1,500.00.  Likewise, the evidence supporting that
conclusion is neither unsupported nor is there contrary evidence that outweighs
it.  We overrule Appellant’s four issues.

 

Disposition

            We
affirm the judgment of the trial court. 

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered August 16, 2006.

Panel consisted of Worthen,
C.J. and Griffith, J.

 

 

 

                

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The indictment was amended to allege criminal
mischief as a state jail felony.





[2] The cost of other repairs, which are not
disputed on appeal, is $305.00, which means the loss attributed to the door
only needed to total $1,195.00.